Alina Mamlyuk (SBN 284154)
LAW OFFICE OF ALINA MAMLYUK
18198 Blue Ridge Drive
Santa Ana, CA 92705
949-800-9406
Alina@AlinaMamlyuk.com

Attorney for Plaintiff Diane Nguyen

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE NGUYEN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DISNEY WORLDWIDE PUBLISHING;<br>THE WALT DISNEY COMPANY;<br>NATIONAL GEOGRAPHIC<br>PARTNERS LLC; DOES 1-10<br><br>　　　　　Defendants | Civil Action No.:<br><br>COMPLAINT FOR COPYRIGHT<br>INFRINGEMENT AND VIOLATION<br>OF RIGHT TO PUBLICITY<br><br><br><br>DEMAND FOR JURY TRIAL |

This is an action for infringement of Plaintiff's exclusive rights in a copyrighted photograph of herself that she has registered with the U.S. Copyright Office, pursuant to 17 U.S.C. §§ 106 and 501, and for substantial and related claims for violation of Plaintiff's exclusive right to publicity, pursuant to state and common laws of the State of California, codified in Cal. Civ. Code § 3344, all arising from Defendants' unauthorized use of Plaintiff's photograph in publication, distribution, and sale of Defendants' children's book series.

Plaintiff, by and through her attorney of record, alleges as follows:

### Factual Allegations

1.      Plaintiff Diane Nguyen is an award-winning art director and multimedia designer whose career depends on her creative output.  She has won several CLIOs (premier industry honors in the fields of advertising, design and communication) for her key art work on movie posters.  She has worked on major titles such as X-Men, Star Wars and Mandalorian, among others.

2.      While renowned for her movie poster work, Ms. Nguyen also creates art pieces using non-traditional media.  One of her projects is a popular Halloween series called "Spookyaki," in which Ms. Nguyen designs elaborate re-creations of fictional monsters and crafts them out of food ingredients like pieces of meat and veggies found in her family's shabu-shabu restaurant.

3.      Another non-traditional media project of Ms. Nguyen's is an elaborate wedding gown that she herself designed and crafted completely out of unused Taco Bell burrito wrappers.  Like the "Spookyaki" series, this dress went viral online because it is unusual, attention-grabbing and shareable.

4.      The dress was so popular, it caught Defendant National Geographic's attention.  Defendant then decided to prominently feature a picture of Ms. Nguyen wearing it in a volume of their wildly popular kids' book series called "Weird But True."  Unfortunately, National Geographic used the photo without reaching out to Ms. Nguyen, without offering, or making any compensation to her, thus flat out failing to acquire any license for the use of the photograph or securing a model release for featuring Ms. Nguyen in their book.

**"Fast Food Wrapper Dress"**

5.      Ms. Nguyen's Taco Bell wedding gown was an entirely original creation that she herself wore to stage a striking photo moment where it would appear that she and her boyfriend were getting married by a Taco Bell cashier officiating a Taco Bell wedding.  The photo of her and her boyfriend accompanied her entry into Taco Bell's official 2017 "Love and Tacos" contest to show their insane love for Taco Bell:

Ms. Nguyen's entry photograph into "Love and Tacos" contest

6.     Once Ms. Nguyen had this extravagant Taco Bell wedding gown on her hands, she decided that she wanted to stage and take more photos of herself wearing it in order to document this project and to have some quirky, fun content for her social media channels.

7.     Ms. Nguyen decided that she wanted a cool "bridal portrait" of herself in the Taco Bell wedding gown, standing nonchalantly and holding a taco. She wanted to capture the perfect blend of a Taco Bell-obsessed millennial and fashionista, something that looks casual at first until the viewer notices the craftsmanship and just outrageous stylishness of the dress that Ms. Nguyen made of paper most people toss aside without a second thought.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF RIGHT TO PUBLICITY      - 4



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.      Ms. Nguyen posted this bridal portrait on her social media on March 2, 2017:



Fast Food Wrapper Dress

9.      The Fast Food Wrapper Dress was a fan favorite in the Taco Bell contest, but Ms. Nguyen and her boyfriend did not win.  In true creative fashion, Ms. Nguyen produced one last performance art piece for her followers: she videoed herself dramatically setting the dress on fire with a giant blowtorch.  The video was supposed to close the "Fast Food Wrapper Dress" chapter for Ms. Nguyen as she moved on to other endeavors.

10.      To her surprise, the dress and, particularly, her portrait of herself in it, lives on.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF RIGHT TO PUBLICITY      - 5

**"Weird But True!"**

11.     Defendant National Geographic Partners is the premier global brand when it comes to photojournalism, having published photos in its magazines since 1905.  For over a century, it has relied on copyright law to protect its massive intellectual property interests.

12.     Defendants The Walt Disney Company, and its subsidiary Disney Worldwide Publishing, are a copyright behemoth in their own right, ubiquitous and zealous in protecting their intellectual property interests on the global level, going so far as to set up a telephone hotline whereby fans-turned-tipsters can inform Disney about any alleged infringement they may spot in the wild.

13.     In 2019, The Walt Disney Company acquired a majority interest in National Geographic, and National Geographic appears to have transferred all of its intellectual property and copyrights to Disney, essentially merging two copyright superpowers together.

14.     Before the Disney takeover, in August 2018, National Geographic published a series of books for children, grouped together under the "Weird But True!" brand.  On Disney.com, Defendants describe this series as "wildly popular" and boast that topics inside are "presented with fascinating photos and illustrations."

15.    Ms. Nguyen's bridal portrait, the Fast Food Wrapper Dress photograph in which she stands alone in a gown with a taco, is one these "fascinating photos."

16.    The photograph is on page 79 of "Weird But True, 350 Outrageous Facts, Volume 10" (ISBN: 1426331878), and half of that page (right-hand side) is taken up by Ms. Nguyen's work.

17.    The only modification that National Geographic added to Ms. Nguyen's work is a caption overlay that reads: "One Bride-To-Be made her wedding dress entirely out of fast food wrappers."

18.    When one of Ms. Nguyen's friends was excited to accidentally run across the photograph in the book, and forwarded Ms. Nguyen a snapshot, she was stunned to see herself standing there, as one of "outrageous," "weird but true" facts.  To this day, Ms. Nguyen shares page space with a woman who saw Sasquatch and with wax worm caterpillars who eat plastic bags.



19.     Prior to publication of the book, nobody at National Geographic reached out to Ms. Nguyen to make proper license arrangements.  Had Defendants done a simple, commonplace and standard rights inquiry, they would have learned that Ms. Nguyen never offered any of the photographs of herself in the Taco Bell wedding gown for licensing.

20.     Instead, Defendants just published Ms. Nguyen's photo without her permission and to this day, continue to profit off her intellectual property.

21.     "Weird But True" brand that began with the initial books in which Ms. Nguyen's property was published has since become an evergreen money maker for Defendants.

22.     In addition to selling the books individually, Defendants have repackaged them several times into enticing sets that are sold as separate products for kids.

23.     Moreover, Defendants have launched a popular kids' television series, "Weird But True," that ran for three seasons on Disney's brand new streaming platform, Disney+.

24.     Defendants are still using Ms. Nguyen's work without permission or compensation and the volume containing her photograph is ranked as an Amazon bestseller.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF RIGHT TO PUBLICITY        - 8

25.     This lawsuit seeks all damages available to Ms. Nguyen as a result of Defendants' unlawful acts.

**Parties**

26.     Plaintiff Diane Nguyen is an art director and multimedia visual artist based in Orange County, California.

27.     Defendant Disney Worldwide Publishing is a California corporation with its principal place of business at 500 South Buena Vista Street, Burbank, CA 91521.  Disney Worldwide Publishing appears to be a wholly owned publishing subsidiary of The Walt Disney Company.

28.     Defendant The Walt Disney Company is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, CA 91521.  The Walt Disney Company appears to be a holding company.

29.     Defendant National Geographic Partners is a Delaware limited liability company with its principal place of business at 1145 17th Street NW, Washington D.C. 20036.  National Geographic Partners is a holding company.

30.     The true names and capacities of Defendants Does 1 through 10 are presently unknown to Ms. Nguyen, and so she sues them by such fictitious names. Ms. Nguyen is informed and believes that each of the fictitiously named defendants is responsible in some capacity for matters herein alleged. Ms. Nguyen

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF RIGHT TO PUBLICITY     - 9

will amend this complaint to state the true names and capacities of Does 1 through 10 when she ascertains them.

## Jurisdiction and Venue

31.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101, et seq..

32.    This Court has original subject matter jurisdiction over all copyright claims pursuant to 28 U.S.C. § 1331 and § 1338 (a).

33.    This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367, as the claims are so related as to form part of the same case or controversy.

34.    This Court has personal jurisdiction over Defendants because Defendants do business in the State of California and in this judicial district and appear to have committed the unlawful acts in the State of California in this judicial district.

35.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b-d) because the unlawful acts occurred in this district and Defendants all either reside in this district or have substantial and continuous ties to this district.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**First Claim for Relief**
**Copyright Infringement**

36.    Ms. Nguyen re-alleges facts outlined in Paragraphs 1 through 35.

37.    Ms. Nguyen is the sole owner of the copyright in an original work that she authored and fixed in a tangible medium of expression.  United States Copyright Office registered her copyright on January 27, 2019 and assigned it Registration Number VAu001358276 under the title "Fast Food Wrapper Dress."

38.    Ms. Nguyen is the exclusive owner of rights to reproduce her copyrighted work, to prepare derivative works based upon it, to distribute copies of it by sale of other transfer of ownership, and to display it.  These and other exclusive rights are outlined in 17 U.S.C. § 106.

39.    Pursuant to 17 U.S.C. § 501, infringement of copyright occurs when non-owners and non-licensors exercise the rights they do not own as (1) original authors, or (2) when they do not acquire a grant of permission from the copyright owner to enjoy any of the outlined rights.

40.    Defendants did not acquire any form of ownership over Ms. Nguyen's copyrighted work but proceeded to willingly and knowingly reproduce, distribute and display it, with the intent to financially profit from their endeavors.

41.     Defendants' acts of copyright infringement entitle Ms. Nguyen to her actual damages and restitution of Defendants' profits in the amount to be determined at trial and all other relief allowed under the U.S. Copyright Act.

### Second Claim for Relief
### Violation of Right To Publicity

42.     Ms. Nguyen re-alleges facts outlined in Paragraphs 1 through 35.

43.     Cal. Civ. Code § 3344 makes anyone who knowingly uses another person's photograph or likeness for purposes of selling products without first getting such person's prior consent liable for any damages sustained as a result of unauthorized use.  This statute establishes what is commonly known as a person's right to publicity and confers upon such person the exclusive right to enjoy commercial exploitation of their likeness.

44.     Defendants did not seek and thusly did not receive Ms. Nguyen's prior consent to use her likeness in selling Defendants' books, making them liable to Ms. Nguyen under California law.

45.     Since Defendants unjustly enriched themselves by commercially exploiting Ms. Nguyen's likeness without her permission, Ms. Nguyen is entitled to all relief allowed by California's right to publicity law, in the amount to be proven at trial.

## Prayer for Relief

Plaintiff Ms. Nguyen prays for judgment in her favor against Defendants, and each Defendant, as follows:

a) That Defendants be required to provide a full accounting to Ms. Nguyen of Defendants' gross revenue accumulated in the sale and distribution of any product containing Ms. Nguyen's copyrighted photograph, pursuant to 17 U.S.C. §504 (b);

b) That Defendants be ordered to pay Ms. Nguyen all damages, including prospective future damages, that Ms. Nguyen has suffered or will suffer as a result of Defendants' copyright infringement of her photograph, based on Defendants' profits derived from unauthorized use, pursuant to 17 U.S.C. §504 (b);

c) That Defendants be ordered to acquire and pay for a grant of license from Ms. Nguyen for authorized use of her photograph and her likeness for any past and future sales and distribution of Defendants' products containing Ms. Nguyen's property;

d) That Defendants be ordered to pay to Ms. Nguyen punitive damages as a result of Defendants' deliberate and willful misconduct;

e)  That should Plaintiff so later elect, Defendants be ordered to pay

statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual

damages or profits;

f)  That Defendants be permanently enjoined from all further

infringement of Ms. Nguyen's copyrighted photograph;

g)  That all of Defendants' products that infringe on Ms. Nguyen's

copyright, including any articles that embody copies of Ms. Nguyen's

original work, be impounded and destroyed should Defendants fail to

acquire from Ms. Nguyen a license for further use of her copyrighted

photograph pursuant to 17 U.S.C. §503(a-b);

h)  That Defendants be ordered to pay to Ms. Nguyen pre-judgment and

post-judgment interest on all applicable damages;

i)  Such other additional or further relief as the Court may deem proper

based on the facts and law outlined in this Complaint.

Dated January 13, 2022.

/s/ Alina Mamlyuk

Attorney for Plaintiff Diane Nguyen

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF RIGHT TO PUBLICITY      - 14

## Demand for a Jury Trial

Plaintiff Ms. Nguyen hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated January 13, 2022.

                                        /s/ Alina Mamlyuk
                                        Attorney for Plaintiff Diane Nguyen